IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DENISE SNYDER,** | ) | |
| **Personal Representative** | ) | CASE NO.: |
| **of the Estate Of Concetta M. DeSantis** | ) | |
| 6770 Parkgate Oval | ) | |
| Seven Hills, OH 44131 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | **(Jury Demand Endorsed Herein)** |
| | ) | |
| **WALMART INC.** | ) | |
| c/o its Statutory Agent | ) | |
| CT Corporation System | ) | |
| 4400 Easton Commons Parkway | ) | |
| Suite 125 | ) | |
| Columbus, OH 43219 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **WAL-MART STORES EAST, LP** | ) | |
| c/o its Statutory Agent | ) | |
| CT Corporation System | ) | |
| 4400 Easton Commons Parkway | ) | |
| Suite 125 | ) | |
| Columbus, OH 43219 | ) | |
| | ) | |
| and | ) | |
| | ) | |

1

| | |
|---|---|
| **MPG PROPERTY GROUP, LLC** | ) |
| c/o its Statutory Agent | ) |
| NRAI Services, Inc | ) |
| 1200 South Pine Island Road | ) |
| Plantation, Florida 33324 | ) |
| | ) |
|       Defendants. | ) |
| | ) |

Now comes Plaintiff Denise Snyder, as personal representative of the Estate of Concetta M. DeSantis, deceased, by and through her attorneys, and for her Complaint states as follows:

## PARTIES

1. Plaintiff Denise Snyder resides at 6770 Parkgate Oval, in the City of Seven Hills, County of Cuyahoga, State of Ohio. Plaintiff Denise Snyder is the duly appointed, qualified, and acting representative of the Estate of Concetta M. DeSantis, deceased, who at all relevant times was a citizen and resident of the State of Ohio.

2. Defendant Walmart Inc. (Walmart) is a foreign corporation organized under the laws of the State of Delaware with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716. Defendant Walmart's registered agent for service of process in the State of Ohio is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

3. Defendant Wal-Mart Stores East, LP (Wal-Mart East) is a foreign limited partnership organized under the laws of the State of Delaware with its principal place of business

at 702 SW 8th Street, Bentonville, Arkansas 72716. Defendant Wal-Mart East's registered agent for service of process in the State of Ohio is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

    4.    Defendant MPG Property Group, LLC (MPG Property) is a limited liability company organized under the laws of the State of Florida with its principal place of business at 1851 W Indiantown Road Suite 101, Jupiter, Florida 33458. Defendant MPG's registered agent for service of process in the State of Florida is NRAI Services, Inc, 1200 South Pine Island Road, Plantation, Florida 33324.

    5.    This Court has personal jurisdiction under Ohio R.C. 2307.382 over all named Defendants because they have caused tortious injury in this state as set forth in this Complaint, and because they regularly do or solicit business, or engage in a persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in this state as contemplated under the statute. In addition, Plaintiff's claims against all named defendants arise from the defendants' ownership, use or possession, of real property within the State of Ohio.

## JURISDICTION

    6.    This Honorable Court has jurisdiction with respect to the claims set forth herein pursuant to 28 U.S.C. § 1332, in that diversity of citizenship exists between all the parties and the amount in controversy exceeds $75,000.00.

## VENUE

    7.    Venue is proper in this District and Division under 28 U.S.C. §1391(b) (2) in that

the tortious conduct at issue occurred in this District and Division.

## GENERAL STATEMENTS

8. On or about December 28, 2017, Plaintiff's decedent, Concetta M. DeSantis, was an invitee of Defendants Walmart, Wal-Mart East, and/or MPG Properties at 7235 Market Place Drive, Bainbridge Township, Ohio. The premises, including but not limited to the parking lot, were owned, operated, occupied, and maintained by Defendants Walmart, Wal-Mart East, and/or MPG Properties.

9. While an invitee on the premises, Ms. DeSantis exited from the Walmart pharmacy entrance and proceeded northbound across the parking lot in a marked pedestrian crosswalk while pushing a shopping cart. A vehicle driving southbound from aisle four in the parking lot began turning left from aisle four and traveled eastbound, and struck Ms. DeSantis as she was lawfully walking in the marked crosswalk. Ms. DeSantis, who was life-flighted from the scene, sustained serious injuries, including multiple fractures and severe brain injuries, all of which caused her to suffer great physical pain and suffering and mental and emotional distress.  As a result, Ms. DeSantis was hospitalized on a respirator for four months before she died on April 23, 2018.

10. Despite pedestrian traffic from thousands of invitees on a daily basis, the parking lot that defendants operated and controlled did not have sufficient designated space, indicators, markings, flags, signs, walkways, paths, crossings or any other safe guards for pedestrians to cross

the parking lot and enter and exit the property. The parking lot on Defendants' premises was an unreasonably dangerous condition because there were insufficient traffic control devices, specifically including but not limited to an absence of stop signs or stop indicators in front of the pharmacy entranceway of the store, which is a highly congested and heavily trafficked pedestrian pathway on the premises.

11. Defendants Walmart, Wal-Mart East, and/or MPG Properties, through their agents and employees, were actually, subjectively aware of a dangerously unsafe condition on its premises, and additionally should have been aware, through the exercise of ordinary prudence of this dangerous condition, given that numerous other substantially similar incidents have occurred in the parking lots of Walmart stores in Ohio and elsewhere, and have been the subject of investigations, claims and lawsuits that have resulted in money judgments against Walmart and its related subsidiaries.

### COUNT I – NEGLIGENCE, NEGLIGENT UNDERTAKING, GROSS NEGLIGENCE, AND WRONGFUL DEATH

12. The preceding paragraphs are hereby realleged as if fully restated herein.

13. Defendants Walmart, Wal-Mart East, and MPG Property, through their agents and employees, committed actions of omission and commission, which collectively and severally, constituted negligence, which were proximate causes of Ms. DeSantis' injuries and death.

14. Defendants owed Ms. DeSantis a duty of ordinary care, which it breached in the following manner:

    a. Failing to provide safe ingress and egress through the parking lot;

      b.      Failing to take any action to control the dangers created by automobile traffic in the parking lot;

      c.      Failing to protect Plaintiff's decedent from the dangers created by automobile traffic in the parking lot;

      d.      Failing to maintain the property in a safe condition;

      e.      Failing to inspect the property for any dangerous conditions;

      f.      Failing to make safe any obvious or latent defects on the property;

      g.      Failing to give Plaintiff's decedent any warning of any defects on the property;

      h.      Failing to provide effective safeguards where business patrons, such as Plaintiff's decedent, may be injured as a result of automobile traffic in the parking lot; and

      i.      Failing to implement a safer, alternative design for the parking lot, as utilized by Defendant Walmart and its associated subsidiaries at other locations.

15. Defendants Walmart, Wal-Mart East, and MPG Property's wrongful acts, errors, omissions, neglect, and carelessness, as set forth in the preceding paragraphs, were the proximate cause of Ms. DeSantis' injuries and death.

16. Defendants undertook, gratuitously and/or for consideration, the responsibility to provide a safe and adequately designed parking lot for its patrons. In doing so, Defendants failed to exercise reasonable care when maintaining and implementing traffic control devices in the parking lot. Defendants' failure to exercise reasonable care increased the risk of harm to its patrons that frequented its parking lot– specifically Plaintiff's decedent Concetta M. DeSantis.

Ms. DeSantis relied upon the undertakings of Defendants. The defendants' failure to remedy this unreasonably dangerous condition on its premises constitutes both negligence and gross negligence. The foregoing acts and/or omissions constituted negligence and gross negligence, and were a proximate cause of the crash and of Ms. DeSantis' death and damages.

17. Defendants' acts and/or omissions, when viewed objectively from their standpoint at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. These acts and omissions were more than momentary thoughtlessness, inadvertence, or error of judgment. Rather, Defendants had an actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Ms. DeSantis.

18. Such acts and/or omissions of gross negligence as the law defines it were each and all, separately and concurrently, a proximate cause of the incident described above and the resulting death and damages sustained by Ms. DeSantis, as set forth herein, and it is on the basis of such gross negligence that Plaintiff hereby seeks an award of exemplary damages.

19. By reason of the wrongful acts alleged herein, Plaintiff and heirs and next of kin of Concetta M. DeSantis, deceased, have suffered the loss of support, love, affection, comfort, service, society, companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education by the decedent, as well as the loss of prospective inheritance, loss of benefits inherent in family relationships, and further, Concetta M. DeSantis' heirs and next of kin have sustained mental anguish, grief, torment, and distress, and have incurred funeral expenses, entitling them to damages.

WHEREFORE, Plaintiff Denise Snyder, personal representative of the Estate of Concetta M. DeSantis, prays for judgment against Defendants Walmart, Wal-Mart East, and MPG Property for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, attorney's fees, and such other and further relief as this Honorable Court deems just and equitable.

### COUNT II – PREMISES LIABILITY AND WRONGFUL DEATH

20. The preceding paragraphs are hereby realleged as if fully restated herein.

21. Defendants Walmart, Wal-Mart East, and/or MPG Property were in possession and control of the premises located at 7235 Market Place Drive, Bainbridge Township, Ohio 44023. Plaintiff's decedent was an "invitee" of Defendants as that term is defined under Ohio law.

22. The condition of the parking lot posed an unreasonable risk of harm, the danger of which Defendants knew or should have reasonably known. Defendants breached their duty of ordinary care by both (1) failing to adequately warn Ms. DeSantis of the condition, and (2) failing to make the condition reasonably safe.

23. As a direct and proximate result of Defendants' wrongful acts, errors, omissions, neglect, and carelessness, as set forth in the preceding paragraphs, Ms. DeSantis suffered fatal injuries.

24. By reason of the wrongful acts alleged herein, Plaintiff and heirs and next of kin of Concetta M. DeSantis, deceased, have suffered the loss of support, love, affection, comfort, service, society, companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education by the decedent, as well as the loss of prospective inheritance,

loss of benefits inherent in family relationships, and further, Concetta M. DeSantis' heirs and next of kin have sustained metal anguish, grief, torment, and distress, and have incurred funeral expenses, entitling them to damages.

WHEREFORE, Plaintiff Denise Snyder, personal representative of the Estate of Concetta M. DeSantis, prays for judgment against Defendants Walmart, Wal-Mart East, and MPG Property for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, attorney's fees, and such other and further relief as this Honorable Court deems just and equitable.

### COUNT III –SURVIVAL CLAIM - Estate of Concetta M. DeSantis

25. The preceding paragraphs are hereby realleged as if fully restated herein.

26. By reason of the wrongful acts alleged herein, the Plaintiff's decedent Concetta M. DeSantis suffered fatal injuries as well as serious physical and emotional injuries, including fear, shock, and pre-death terror, prior to her death for which her estate is entitled to seek damages.

WHEREFORE, Plaintiff Denise Snyder, personal representative of the Estate of Concetta M. DeSantis, prays for judgment against Defendants Walmart, Wal-Mart East, and MPG Property for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, attorney's fees, and such other and further relief as this Honorable Court deems just and equitable.

### JURY DEMAND

Plaintiffs hereby demand the maximum number of jurors permitted under the laws of the State of Ohio.

Respectfully submitted,

*/s/ Jamie R. Lebovitz*

Jamie R. Lebovitz, Esq. (0025000)
Jordan D. Lebovitz, Esq. (0091247)
NURENBERG, PARIS, HELLER &
McCARTHY CO., L.P.A.
600 Superior Avenue E., Suite 1200
Cleveland, Ohio 44114
Phone: 216-621-2300
Fax: 216-771-2242
Jlebovitz@nphm.com
JordanLebovitz@nphm.com

Attorneys for Plaintiffs