**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DENISE SNYDER, Personal** | ) | **CASE NO.1:19CV536** |
| **Representative of the Estate of the** | ) | |
| **Deceased Concetta M. DeSantis.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | |
| **WALMART, INC., ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter is before the Court on the Motion of Defendants Walmart, Inc., Wal-Mart

Stores East L.P., Wal-Mart Real Estate Business Trust, MPG Property Group LLC. and Four

Corners Shopping Center, LLC. for Summary Judgment.[1] (ECF # 39)  For the following

reasons, the Court GRANTS Defendants' Motion.

On October 3, 2019, Plaintiff Denise Snyder, as Personal Representative of the Estate

of Concetta DeSantis, filed a First Amended Complaint, alleging claims for Negligence,

---

[1]      Defendants MPG Property Group, LLC. and Four Corners Shopping Center,
LLC. joined Defendants' Walmart, Inc., Wal-Mart Stores East LPand Wal-Mart
Real Estate Business Trust's Motion at ECF # 41.

Negligent Undertakings, Gross Negligence, Wrongful Death, Premises Liability and Survivorship arising from an accident on December 28, 2017, in the parking lot of Defendant Walmart's Bainbridge store.   The accident  resulted in the death of Plaintiff's decedent, Concetta M. DeSantis ("DeSantis").  DeSantis was exiting the Walmart and was walking in a clearly marked crosswalk when she was struck by a vehicle driven by Jennifer Marthe ("Marthe").  Marthe is not a party to this action.   Plaintiff alleges the parking lot lacked sufficient traffic control devices, including: stop signs, markings, flags, signs and other safeguards for pedestrians and that Walmart was aware of the unsafe conditions prior to the accident.

Plaintiff has named several Walmart-related entities as well as other Defendants that according Plaintiff's First Amended Complaint,  "owned, operated, occupied, and maintained" the premises.

**<u>Defendants' Summary Judgment Arguments</u>**

Defendants move for summary judgment on the sole basis that the dangers in the Walmart parking lot were "open and obvious" and therefore, Defendants owed no duty to DeSantis.  The parties do not dispute that the answer to this question is dispositive of all Plaintiff's claims against movants.   Although there was not a stop sign or stop bar, the crosswalk where the accident occurred was plainly marked with pedestrian crosswalk striping and pedestrian crossing signs.   DeSantis was a regular customer of Walmart and was familiar with the parking lot.  Defendants argue that the entire incident is recorded on video and  a review of the same shows the dangers were open and obvious and there were no attendant circumstances at the time of the accident.  Consequently, if the danger is open and obvious,

Ohio law holds that this acts as an absolute bar to any common law negligence claim.

Plaintiff opposes the Motion, arguing that Walmart has had a number of these types of accidents occur at the Bainbridge Walmart and other Walmarts over the years, therefore, it has knowledge that there exists a dangerous condition on its premises, yet it has failed to provide the necessary safety features, including stop signs, to protect its business invitees. Furthermore, Marthe provided an affidavit wherein she asserts that if there had been a stop sign at the end of the aisle prior to her turning into the pedestrian walkway she would have stopped and the accident would not have occurred.  In addition, Plaintiff contends the dangers presented would not have been obvious to a business invitee, consequently, this presents an issue of fact for the jury.  Finally, Plaintiff asserts that Defendants assumed the duty of reasonable care in installing and maintaining the crosswalk.  In such a case, the open and obvious defense does not apply and Defendants' Motion must be denied.

This is the rare case where the entire tragic accident was captured on multiple video cameras.  Defendants contend that the video evidence conclusively shows the danger at issue, i.e.- automobile traffic through a crosswalk with no stop signs or stop bars- was clearly observable and there were no attendant circumstances that made the open and obvious danger less open or obvious.  Police photographs shortly after the accident confirm the dangers were visible.  Furthermore, there is undisputed evidence that DeSantis was a regular Walmart customer and would have been familiar with the inherent dangers the crosswalk presented. Finally, Defendants point to Marthe's affidavit, as further proof that the danger was open and obvious as Marthe, the driver of the vehicle that struck DeSantis, attests she did not stop at the end of the parking aisle because she observed there was no stop sign.   Therefore, the

3

Court may only conclude that the danger of walking through a crosswalk that lacked stop signs or other stop bars, with automobiles traversing the same was open and obvious and, as a result, DeSantis would have been aware of the danger and consequently Defendants owed no duty to DeSantis.

Defendants rely in part on *Witt v. Saybrook Inv. Corp.*, 2008-Ohio-2188, ¶¶ 25-27.  In *Witt*, plaintiff was a truck driver who regularly picked up paper from defendant, a paper company.  While walking in defendant's parking lot at 11:00 pm in the evening, plaintiff was struck and injured.  Plaintiff sued defendant, contending defendant owed him a duty to keep the parking lot safe and defendant breached that duty by failing to install safety devices such as rumble strips, signs or barriers.  Plaintiff further alleged defendant was negligent by failing to turn on exterior lights and omitting safety devices from the original parking lot design.  The district court granted summary judgment for defendant, finding the dangers in a parking lot open and obvious.  On appeal the Ohio appellate court affirmed the trial court, finding that Ohio did not place a duty on a premises owner to light a parking lot and that the lack of traffic controls like rumble strips and speed limit signs were an open and obvious condition, particularly since plaintiff was a regular visitor of defendant's facility.

The appellate court in *Witt* considered prior Ohio caselaw and noted:

> In a similar "parking lot" case, this court affirmed summary judgment for the defendant shopping center despite the plaintiff's allegations of negligence in failing to properly construct, maintain, and light the parking lot. We noted in *Provateare v. Hausman Co.* (Apr. 29, 1999), Cuyahoga App. No. 74061, that plaintiff had walked over the same area of the parking lot on previous occasions without incident. Even viewing the evidence most strongly in plaintiff's favor, we could not find that the defendant shopping center owed a duty to warn Provateare of a condition which was so open and obvious that she should be reasonably expected to discover and protect herself.

4

The court continued:

> In the instant case, Witt admitted he had been to this parking lot many times and had walked across it without incident. He also felt no concern because of the darkness of the parking lot. The lack of "pedestrian protections" such as rumble strips or speed limit signs were an open and obvious condition of which Witt should be reasonably expected to discover and protect himself.

*Witt v. Saybrook Inv. Corp.,* 2008-Ohio-2188, ¶¶ 25-27

Given the factual similarities with the case at present, Defendants believe *Witt* largely determines the issue before this Court.

**Plaintiff's Opposition**

Plaintiff contends that Walmart's in-house engineering team participated in designing the conversion of the Bainbridge Walmart into a Walmart Super Store around 2007.  This design included alterations to the parking lot but did not include stop signs or stop bars at the end of each parking aisle where they intersect the crosswalk in front of the store.  Andrew Shelor, Senior Real Estate Manager for Walmart, Inc., attests that, in designing the Super Store and parking lot, Walmart wanted its customers "to be safe on site" and "Walmart's number one priority is safety."  (Shelor depo ¶ 76-77).

Brad Avrit, a civil engineer and Plaintiff's engineering expert opines that Walmart's crosswalk at its Bainbridge store was unreasonably dangerous and falls below the industry standard for safety because it fails to incorporate traffic controls for motorists at the end of each parking aisle where they intersect the crosswalk in front of the store.  Avrit further notes that there were ten similar incidents in Walmart parking lots between February 2015 and December 2017.  He points out that other Ohio Walmart stores have traffic controls at the ends of parking aisles and that these represent the industry standard for safety.

Plaintiff also offers the affidavit of Marthe who attests that if there had been a stop sign at the end of the aisle she would have stopped and, consequently, would not have hit DeSantis.  (Marthe aff. ¶ 15).

Plaintiff argues that whether the lack of a stop sign or other traffic control would be readily appreciated by an ordinary person entering or exiting the crosswalk is a question for the jury.  This is particularly true in this case where, according to Plaintiff, Walmart possessed greater knowledge of the hazard due to the number of similar incidents in the Bainbridge parking lot and other Walmart parking lots and, as a result, customers cannot truly appreciate the dangers presented.

While a customer may feel safe in a designated crosswalk, given the right of way Ohio law accords pedestrians in crosswalks, Plaintiff alleges such feelings of safety at the Bainbridge store crosswalk were illusory due to the lack of traffic controls around the same.

Plaintiff further distinguishes the authority relied on by Defendants in their Motion, in particular, the *Witt* case, which Plaintiff argues is not applicable given that the issue in *Witt* was the defendant property owners failure to illuminate a parking lot at night.  Moreover, the accident at issue in *Witt* did not occur in a crosswalk.

Also, Plaintiff contends Defendants' assertion that Marthe's affidavit supports a finding that the lack of a stop sign was open and obvious to Marthe is immaterial as the law requires the Court to consider the nature of the hazard from the perspective of the pedestrian encountering the hazard and not that of a driver, such as Marthe, in the particular circumstances in this case.

Lastly, Plaintiff argues that under Ohio law, when a landowner assumes the duty of

protecting its invitees, the defense of open and obvious does not apply.  When, as here, a defendant provides a purported safety device-i.e.- a crosswalk- Plaintiff argues Ohio law imposes upon that defendant a duty to exercise reasonable care to perform the undertaking. Here, because Walmart installed a crosswalk without appropriate traffic controls, Plaintiff argues Defendants increased the danger to pedestrians as it gave them a false sense of safety and the open and obvious defense is inapplicable when a defendant assumes a duty to protect its invitees.

**Defendants' Reply**

In Reply, Defendants assert that Plaintiff has failed to offer any evidence that would create a genuine issue of fact that the dangers present when DeSantis was struck by Marthe in the Walmart crosswalk were not open and obvious.  The video evidence of the accident, along with police photographs after the fact, conclusively and undisputedly demonstrate that the dangers of walking in the crosswalk were observable, open and obvious.  Furthermore, Defendants offer the guidance from the National Highway Traffic Safety Administration, Ohio municipalities, police departments and AAA, all warning pedestrians and drivers alike of the dangers of automobile traffic when crossing in a crosswalk; further evidencing the conclusion that an reasonable pedestrian would appreciate the dangers.

Moreover, Plaintiff's Interrogatory responses confirm that DeSantis was a regular customer at the Bainbridge Walmart and consequently would have been familiar with the inherent dangers of the crosswalk, including the lack of stop signs, stop bars or other traffic controls at the ends of the aisles.

Defendants assert that Plaintiff's evidence merely shows the inherent dangers of a

parking lot but offers nothing to show that the dangers were anything but open and obvious. Plaintiff improperly relies on pre-*Armstrong* caselaw holding that the question of whether a danger is open and obvious is for a jury to decide. But *Armstrong* clearly held that when there is no genuine issue of fact on the open and obvious nature of the hazard, it is a question of law for the court to determine. Because there are no questions of fact, based on the video and photographic evidence presented, Defendant argues the Court must find the danger was open and obvious.

Defendants further reiterate the holding in *Armstrong* that if a danger is open and obvious a property owner owes no duty to an invitee. According to Defendants, *Armstrong* clearly holds that an open and obvious hazard forecloses any claims based on negligence.

Defendants point out that Plaintiff fails to offer evidence or any valid argument that there existed some attendant circumstance that would create an issue of fact. The accident occurred in the daytime and there were no obstructions blocking DeSantis's view of the crosswalk or oncoming cars. While there was some snow on the ground, Plaintiff does not argue this played any role in the accident nor was it an attendant circumstance and the plain video and photographic evidence demonstrates conclusively that there was regular car traffic through the crosswalk and the lack of stop signs or other traffic devices was clearly visible.

According to Defendants, Ohio law holds that Defendants' superior knowledge of a danger does not create an issue for a jury if the danger is open and obvious. It is only when a danger is latent or hidden that a Defendant property owner may be held liable.

Defendants further disclaim Plaintiff's contention that Defendants assumed a duty to protect its customers by creating a cross walk. First, Defendants contend Plaintiff relies on

pre-*Armstrong* cases that were subsequently overruled by *Armstrong* as *Armstrong* definitively held that an open and obvious defense is a complete bar to a premises liability claim based on negligence.  Second, even if an assumption of duty were an exception to the open and obvious defense, Plaintiff must offer evidence that the crosswalk made the parking lot more dangerous.  Plaintiff does not offer any evidence to support this argument.  Nor has Plaintiff shown that DeSantis reasonably relied on the crosswalk to insure her safety.  The aforementioned  guidance of police departments, Ohio municipalities, AAA and the National Highway Traffic Safety Administration all of which caution pedestrians of the dangers of using a crosswalk, makes any claim of reliance by Plaintiff on the crosswalk for her safety unreasonable as a matter of law.

## LAW AND ANALYSIS

### Standard of Review

Summary judgment shall be granted only if  "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *See* Fed. R. Civ. P. 56(a).  The burden is on the moving party to conclusively show no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).  The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  *See* Fed. R. Civ. P. 56(c)(1)(A), (B).  A court

9

considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Premises Liability and Open and Obvious**

In Ohio, to prevail on a claim for negligence "the plaintiff must show: (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom. *Armstrong v. Best Buy Co.,* 2003-Ohio-2573, ¶ 8, 99 Ohio St. 3d 79, 81, 788 N.E.2d 1088, 1090. "Premises liability is a specific type of negligence claim based on an injury that arises

out of a condition on the property as opposed to an injury arising out of the activity or conduct that created the condition." *Morrow v. Wal-Mart Stores E., LP,* No. 1:20-CV-162, 2021 WL 1140245, at *2 (S.D. Ohio Mar. 25, 2021) quoting *DeBusscher v. Sam's East, Inc.,* 505 F.3d 475, 479 (6th Cir. 2007).  In premises liability law, the duty a land owner owes a person who enters the landowner's property depends on the status of the entrant.   A business invitee is one who is invited by the landowner to enter the property for a purpose that is beneficial to the owner.  *Gladon v. Greater Cleveland Regional Transit Auth.,* (1996) 75 Ohio St.3d 312, 315, 1996–Ohio–137, 662 N.E.2d 287.  " An owner or occupier of the premises ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers.*"* *Klauss v. Glassman,* No 84799, 2005 WL 678984, 2005-Ohio-1306, ¶ 13 (Oh App. 8th Dist. March 24, 2005) citing *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 480 N.E.2d 474.  "A premises owner is obligated to warn invitees of latent or concealed dangers if the owner knows or has reason to know of hidden dangers." *Klauss* 2005-Ohio-1306 at ¶ 13. "Invitees likewise have a duty in that they are expected to take reasonable precautions to avoid dangers that are patent or obvious."  *Witt v. Saybrook Inv. Corp.,* No. 90011, 2008 WL 1973672, 2008-Ohio-2188, ¶ 12 ( Ohio App. 8th Dist. May 8, 2008) citing *Brinkman v. Ross,* 68 Ohio St.3d 82, 84, 1993–Ohio–72, 623 N.E.2d 1175.  In this case the parties do not dispute that DeSantis, as a customer of Walmart, was a business invitee.

However, "the open-and-obvious doctrine provides that a premises owner owes no duty to persons entering those premises regarding dangers that are open and obvious." *Witt v. Saybrook Inv.* Corp., 2008-Ohio-2188, ¶¶ 18-21 citing *Sidle v. Humphrey* (1968), 13 Ohio

St.2d 45, 233 N.E.2d 589. "An open and obvious danger obviates the landowner's duty to an invitee and completely bars recovery." *Headley v. Home Depot U.S.A., Inc.,* No. 5:13-CV-1839, 2014 WL 3349592, at \*4 (N.D. Ohio July 8, 2014). "However, a premises owner is not an insurer of its invitees' safety against all forms of accident that may happen." *Armstrong v. Lakes Golf & Country Club,* Inc., 2018-Ohio-1018, ¶ 27, 98 N.E.3d 328, 334. "The rationale of the open and obvious doctrine is that the open and obvious nature of the hazard itself serves as a warning, so that owners reasonably may expect their invitees to discover the hazard and take appropriate measures to protect themselves against it. *Id* citing *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 597 N.E.2d 504 (1992).

"When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." *Armstrong,* 99 Ohio St.3d at 80. "It is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." *Id* at 82. When determining whether a hazard is open and obvious, the question "is not whether [a plaintiff] observes the condition, but whether the condition is capable of being observed." *Hernandez-Butler v. Ikea U.S. E., LLC*, 435 F. Supp. 3d 816, 823 (S.D. Ohio 2020).

"Where only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law." *Klauss,* 2005 WL 678984 ¶ 18. "However, where reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine." *Id.* "The inquiry as to whether the danger is open and obvious is one that must be considered objectively, without regard to the plaintiff's conduct in encountering it."

12

*Goodson v. Millennium & Copthorne Hotels,* No. 1:13-CV-502, 2015 WL 74271, at *4 (S.D. Ohio Jan. 6, 2015) citing *Armstrong*, 99 Ohio St.3d at 92.   As the Ohio Supreme Court in *Armstrong* discussed, courts considering the open and obvious defense must focus on the duty owed in light of the danger presented on the property owner's premises and whether that danger was open and obvious.

> "[W]e reiterate that when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty.  By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff."

*Armstrong,* 99 Ohio St. 3d 79, 82.

As the Sixth Circuit has stated, "although the open-and-obvious doctrine goes to the existence of a duty, which is a question of law, observability can be rendered a question for the jury when the underlying facts are disputed and reasonable minds could disagree." *Andler v. Clear Channel Broad., Inc.,* 670 F.3d 717, 725 (6th Cir. 2012).

"An exception to the open and obvious doctrine is the existence of attendant circumstances. (Internal citations omitted).  These attendant circumstances may exist which distract an individual from exercising the degree of care an ordinary person would have exercised to avoid the danger, and may create a genuine issue of material fact as to whether a hazard is open and obvious.  For this exception to apply, an attendant circumstance must divert the attention of the injured party, significantly enhance the danger of the defect, and contribute to the injury." *Armstrong,*  2018-Ohio-1018, ¶ 35, 98 N.E.3d 328, 336.

13

In light of this framework, the Court must determine if the danger for pedestrians like DeSantis, when entering and exiting Walmart using the Walmart crosswalk, presented an objectively open and obvious danger for which Walmart owed no duty to warn its customers. Moreover, the Court must determine whether there are any disputed facts regarding the observability of the danger such that it presents questions for a jury. These types of cases are largely fact specific and prior caselaw rarely speaks definitively to the issue. See *Andler v. Clear Channel Broad., Inc.,* 670 F.3d 717, 725 (6th Cir. 2012)( "previous decisions regarding open and obvious dangers are thus of "limited value.").

Ohio law is clear that whether a danger is open and obvious is a question of law for the court unless there exists some disputed issue of fact that raises an issue of whether the danger was reasonably observable. While the Court is reluctant to take a case out of the hands of a jury, here, unlike most cases, there is clear video evidence of the accident in question from three separate camera angles. This, along with post-accident police photographs of the scene of the accident, give the Court a clear picture of the circumstances surrounding DeSantis's accident. Having reviewed all the pertinent evidence, the Court finds that the dangers of the cross walk were open and obvious and free of any attendant circumstances.

The video evidence includes a camera angle from behind the right shoulder of DeSantis. The twenty-eight second video shows that the lack of stop signs or stop bars is observable to a reasonable observer as a car drives through the crosswalk immediately before DeSantis exits Walmart. DeSantis exits Walmart pushing a shopping cart. She proceeds into the crosswalk while Marthe approaches from the aisle immediately in front of DeSantis.

14

Marthe approaches the crosswalk without stopping or pausing and turns left into the crosswalk striking DeSantis head on.  There are no attendant circumstances, no obstructions of DeSantis's view looking out to the crosswalk and beyond.  The accident occurred in broad daylight and it does not appear to have been raining or snowing though there is some snow on the ground but not on the crosswalk or aisles.  Moreover, Ohio courts have held the presence of traffic and pedestrians in a business parking lot are not attendant circumstances in and of themselves.  "Vehicles and other pedestrians are commonplace in a business parking lot. Without more, they do not create a distraction, or attendant circumstance that would reduce the degree of care an ordinary person would exercise."  *Armstrong.* 2018-Ohio-1018, ¶ 41, 98 N.E.3d 328, 337.

The back of some signs are visible but none reflect the common octogonal shape that would indicate to a reasonable person the existence of a stop sign at the end of the aisle.  The crosswalk and adjacent aisles were unobstructed such that a reasonable observer would see there were no stop bars.  The police photographs contained in Defendants' Motion for Summary Judgment at page 11 show a pedestrian crossing sign visible from the Walmart main door where DeSantis exited the store.  The pedestrian crossing sign would have been visible to both DeSantis and Marthe.  These pedestrian crossing signs appear to be posted at the end of each aisle that intersected the crosswalk.  Marthe's failure to exercise caution when driving into the crosswalk and inattention when striking DeSantis, who was right in front of her with absolutely no obstruction in her windshield, was the clear cause of the accident in question.  "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises."  *Armstrong,* ¶ 14, 99 Ohio St. 3d at 82, citing *Sidle,* 13

Ohio St.2d 45.  See also *Andler v. Clear Channel Broad.*, Inc., 670 F.3d 717, 724–25 (6th Cir. 2012).  ("Regardless of an entrant's status, a landowner has no duty to warn her of "open and obvious" dangers and is thus not liable for any injuries resulting from such dangers.")

In *Armstrong*, the plaintiff was injured when he tripped over the support bracket of a shopping cart guardrail.  As evidence, plaintiff relied in part on an expert who opined that the conditions resulting in plaintiff's injury were unsafe but the Ohio Supreme Court rejected his opinion, holding that as a matter of law the guardrail was open and obvious and the expert's opinion did not create an issue of fact for the jury.  The same applies here, where Plaintiff's expert cannot dispute the clear video evidence  that the danger to DeSantis was open and obvious and, therefore, does not create an issue of fact for the jury.

Plaintiff argues Ohio law creates an exception to the open and obvious defense when a landowner possesses greater knowledge of a danger.[2]  While there is conflicting caselaw on this issue, the Court finds the greater weight of authority and more persuasive argument militates against such an exception as *Armstrong* and subsequent Ohio courts have rejected Plaintiff's argument that Defendants are liable due to their greater knowledge of the danger. *Armstrong* clearly holds that a premises owner owes no duty to an invitee to warn of an open and obvious danger.  The Ohio Supreme Court in *Armstrong* rejected any comparative negligence fault allocation in light of an open and obvious danger and further rejected any liability theory stemming from a landowner's greater anticipation of harm presented by an

---

[2]     Plaintiff denies arguing that a premise's owner's greater knowledge of a danger is an exception to the open and obvious defense.  Rather, she argues it creates an issue of fact whether the danger is in fact open and obvious.  While her Opposition brief appears to argue it is an exception, the Court will address both aspects.

obvious danger. *Armstrong,*¶ 14, 99 Ohio St. 3d at 82.

In *Ray v. Wal-Mart Stores, Inc.,* 2009-Ohio-4542, ¶ 24, an Ohio appellate court addressed this same issue:  "Appellants further assert that the open and obvious doctrine does not apply when the defendant has superior knowledge of the particular danger....We believe that the rule itself seems to imply that it applies only when the danger is not open and obvious.  If the invitee does not fully appreciate the risk, then one would imagine that the invitee did not fully appreciate the risk because some aspect of the risk was not open and obvious, but instead, was hidden.  Thus, we do not agree with appellants' characterization of this rule as an exception to the open and obvious doctrine.".

However, in  *Mosholder v. Lowe's Home Centers*, LLC, 444 F. Supp. 3d 823, 829 (N.D. Ohio 2020), a district court stated, "In cases involving an open and obvious danger, it is only where the premises owner had superior knowledge of the particular danger that liability attaches.") Citing  *Smrtka* v. Boote, No 28057, 2017 Ohio 1187 88 N.E.3d at 470 (Ohio App. 9th Dist, March 31, 2017).  But the district court in *Mosholder* did not quote the entire sentence from the Ohio Supreme Court decision in which that statement originated.  In *LaCourse v. Fleitz,* (1986) 28 Ohio St. 3d 209, 210, 503 N.E.2d 159, 160–61, the Ohio Supreme Court held that a landowner's liability may attach due to its greater knowledge of a danger so long as the invitee cannot fully appreciate the danger.  ("It is only where it is shown that the owner had superior knowledge of the particular danger which caused the injury that liability attaches, because in such a case the invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate.").  Thus, its logical to conclude and Ohio law so holds that if a danger is open and obvious the customer ***can*** fully appreciate the danger and

17

protect himself of herself accordingly and a premises's owner's greater knowledge of a danger is not an exception unless some aspect of the danger is latent or hidden.

Yet another federal court in interpreting Ohio's open and obvious law held that a landowner's greater knowledge of a danger does not act as an exception to the open and obvious defense.

> Plaintiff further argues, "Defendants' liability is based upon their superior knowledge that the crack in the pavement would likely present an unappreciated hazard to persons using or traversing the crosswalk toward the entrance of the store. Defendants may be liable if the danger was one that they should have expected a visitor would not realize."(citations omitted).  The problem with these contentions is that because the crack was open and obvious, Ohio law permits Defendants to expect invitees, like Plaintiff, to realize the danger it posed and to protect themselves from it."

*Bittner v. Walmart Stores Eac, Inc.,* No. 3:16-CV-00151, 2017 WL 2633189, at *4 (S.D. Ohio June 19, 2017).  Therefore, regardless of whether a landowner like Walmart, under these facts, has superior knowledge of the number of prior incidents involving accidents in its parking lot crosswalk,  so long as the danger is open and obvious as it was in this case, Walmart owed no duty to warn DeSantis of the danger which she could fully appreciate.

**Assumption of a Duty**

Finally, Plaintiff argues that where a landowner assumes a duty to protect its invitees, the open and obvious defense does not apply.   While Ohio has not formally adopted the assumption of a duty as embodied by the *Restatement 2d of Torts* § 323, it has cited to it favorably.  See *Fishpaw v. Francisco,* 2006-Ohio-3450, ¶ 30.  The *Restatement* reads:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to the liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

18

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking.

*Restatement (Second) of Torts* § 323.

Defendants argue that the assumption of a duty is not an exception to an open and obvious danger in light of *Armstrong*.  *Armstrong* expressly held that the open and obvious nature of a hazard is a complete defense to any claim of negligence and that a premises owner owes no duty to an invitee regarding open and obvious dangers.  The assumption of duty as adopted from the Restatement falls under this bar, according to Defendants, because it is a common law negligence claim.  The title of the *Restatement (Second) of Torts* 323 is *Negligent Performance of an Undertaking to Render Services*.

Plaintiff contends that the open and obvious defense is not available to a premises owner when that owner assumes the duty of protecting invitees by installing protection devices such as crosswalks.  In *Freiburger v. Four Seasons Golf Center, LLC.* No 06AP-765, 2007 WL 1674020, (Oh App. 10th Dist. June 12, 2007), plaintiff was practicing his golf swing on defendant's second story driving range deck when he fell, suffering serious injury. Defendant had installed a 40 inch safety net extending beyond the edge of the second story deck to protect invitees but the net did not catch plaintiff.  He brought suit against defendant alleging breach of defendant's duty to warn of the danger that the safety net would not catch him and failing to maintain the net.

On summary judgment, defendant argued the danger was open and obvious.  The district court granted defendant's motion and plaintiff appealed.  In reversing the district court, the appellate court held that while the dangers of a second story deck would ordinarily

19

be open and obvious, the addition of the safety net made the obviously hazardous second story deck less so, creating an issue of fact for the jury.  The appellate court held, "the safety net recasts the potential risk, changing it from a dangerous fall from the second-story ledge onto the ground into a precarious fall onto the safety net." *Freiburger,* 2007-Ohio-2871 at ¶ 19.  "As a result, on the particular facts of this case, the issue that settles whether plaintiff reasonably relied on the safety net under the voluntary-duty doctrine also resolves whether the trial court properly concluded the danger plaintiff encountered was open and obvious: whether plaintiff could appreciate the danger." *Id.* at ¶ 20   Thus, *Freiburger* recognized a separate duty is created when a business owner voluntarily takes on the duty of installing safety devices to protect its invitees but applied the open and obvious analysis to the safety device installed by defendant.  *Freiburger* is important because it is the only case cited by Plaintiff on the assumption of duty exception to the open and obvious defense that post-dates *Armstrong*.

So the Court must reconcile *Freiburger's* application of an assumption of duty analysis with the strict language of *Armstrong*, which holds that where a hazard is open and obvious, the  "open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims" and " a landowner owes no duty of care to individuals lawfully on the premises." *Id* at 80-82.

*Armstrong* did not address the issue of an assumed duty by a premises owner but only addressed the duties generally owed by a premises owner to a business invitee.  When the Ohio Supreme Court concluded that a premises owner owes no duty of care to invitees, it was solely concerned with the  duties owed under general premises liability theory.  But the

assumption of duty doctrine applies when a premises owner takes on a duty gratuitously that it otherwise would not owe an invitee.   When that is the case, the owner voluntarily assumes a  duty of reasonable care in performing the undertaking.

Furthermore, *Armstrong* also says the open and obvious doctrine acts as a complete bar to any common law negligence claim.[3]  An action for a breach of an assumed duty creates a common law negligence claim but the *Freiburger* court did not find the open and obvious doctrine barred plaintiff's negligence claim based on an assumption of a duty, rather, it found assumption of duty a separately imposed duty.  The *Freiburger* court found that a second story ledge was ordinarily an open and obvious hazard but because defendant had installed a safety net it changed the analysis to whether the safety net itself was an open and obvious hazard and  whether plaintiff reasonably relied on the net to protect him and whether defendant reasonably maintained the net.  Thus, it is that Court's conclusion that while a finding that a hazard was open and obvious acts as a bar to the general duties owed under premises liability, the assumption of a duty not ordinarily owed an invitee requires a separate analysis of the open and obvious nature of the hazard in light of the safety device installed.

Here, the Court finds a number of factors distinguish this case from *Freiburger* and lead the Court to conclude the assumption of duty exception does not apply to the facts in this case.  While *Freiburger* found genuine issues of fact precluded finding the hazard open and obvious that is not the case here.  The hazard of encountering automobile traffic when entering and exiting the Walmart store was open and obvious as outlined above.  DeSantis

---

[3]      Ohio law does create an exception for negligence per se claims but there is no dispute Plaintiff has not alleged a negligence per se claim in this suit.

21

was a regular customer of Walmart and would have observed that traffic regularly passed in front of the store through the crosswalk and the lack of stop signs or stop bars was easily observable. No aspect of the hazard was hidden or latent as was obvious from the video of the accident and there were no attendant circumstances that would have impeded DeSantis's view of the same. Ohio law is clear that "the landowner's duty is not to be determined by questioning whether the [condition] could have been made perfect or foolproof [,] as the issue is whether the conditions that did exist were open and obvious to the person exercising reasonable care .... " *Goodson v. Millennium & Copthorne Hotels,* No. 1:13-CV-502, 2015 WL 74271, at *5 (S.D. Ohio Jan. 6, 2015), quoting *Orens v. Ricardo's Restaurant,* No. 70403, 1996 Ohio App. LEXIS 4944, at * 15 (8th Dist.App. Nov. 14, 1996).

Likewise, the crosswalk itself was clearly marked, the striping was not worn away or defective in any aspect. The pedestrian crossing signs were obvious as was the lack of stop signs or stop bars. Thus, no aspect of the dangers present when a pedestrian walks out into a parking lot or used Defendants' crosswalk was hidden or latent.

Moreover, to satisfy the assumption of duty exception, Plaintiff must show that Defendants' assumption of a duty made the hazard more dangerous or that Plaintiff reasonably relied on the safety device. Negligence under *Restatement Section* 323 "follows the general rule for finding negligence, with the addition of one extra element of proof, that of reasonable reliance by the plaintiff on the actions of the defendant ." *Douglass v. Salem Community Hosp.,* 153 Ohio App.3d 350, 794 N.E.2d 107, 2003–Ohio–4006, ¶ 74. "[U]nder 323(a), the defendant's negligent performance must somehow put the plaintiff in a worse situation than if the defendant had never begun the performance, and that under 323(b) the

22

plaintiff must show actual or affirmative reliance, i.e., reliance based on specific actions or representations which cause the persons to forego other alternatives of protecting themselves"). *Desir v. Mallett*, No. 14AP766, 2015 WL 3492499 2015-Ohio-2124, ¶ 35 (Ohio App. 10th Dist June 2, 2015) citing *Wissel v. Ohio High School Athletic Assn.,* 78 Ohio App.3d 529, 540–41, 605 N.E.2d 458 (1st Dist.1992).

"Cases interpreting Section 323(a) have made clear that the increase in the risk of harm required is not simply that which occurs when a person fails to do something that he or she reasonably should have" because "the risk of harm to the beneficiary of a service is always greater when the service is performed without due care." *Wissel,* 78 Ohio App.3d at 540. Instead, Section 323(a) "applies only when the defendant's actions increased the risk of harm to the plaintiff relative to the risk that would have existed had the defendant never provided the services initially." *Id.,* citing *Turbe v. Govt. of Virgin Islands*, 938 F.2d 427, 432 (3d Cir.1991). To prevail, a plaintiff must "identify sins of commission rather than omission." *Wissel* at 529.

Plaintiff's expert opines '[d]esigning a crosswalk for customers exiting and entering the store without incorporating traffic control devices for motorists at the end of intersecting aisles renders the crosswalk unreasonably dangerous and falls below the industry standard of safety for commercial/retail parking lot design." (Avrit Declaration, ¶24). But this argument says nothing about whether the installation of a crosswalk with pedestrian crossing signs made the condition more dangerous than if no crosswalk or pedestrian crossing signs had been installed. In fact, Plaintiff cites to no evidence for this conclusion. Given that Ohio law imposes on drivers a duty to yield to pedestrians in crosswalks, it is illogical to assume, in the

23

absence of any data or evidence, that the installation of a crosswalk with pedestrian crossing caution signs would render a parking lot more dangerous than if no such installation had occurred.  At best this would require speculation by a jury but such speculation is insufficient to overcome a summary judgment motion.

Plaintiff's only evidence of reliance is the video evidence of DeSantis in the crosswalk which Plaintiff contends would allow a jury to infer reliance due to DeSantis confidently walking in the crosswalk before she was struck.  But this again requires the trier of fact to speculate on DeSantis' state of mind, which it cannot do.  In the absence of any affirmative evidence of reliance, the Court finds Plaintiff has not met her burden on summary judgment. This is particularly so  in light of the open and obvious nature of the hazard, the fact that it was observable, that there were no stop signs, the guidance from the National Highway Traffic Safety Administration, Ohio municipalities, AAA and Ohio police departments cautioning pedestrians on the dangers inherent in crosswalks.

Therefore, for the following reasons the Court grants Defendants' Motion for Summary Judgment on all Plaintiff's claims.

IT IS SO ORDERED.


 /s/Christopher A. Boyyko
CHRISTOPHER A. BOYKO
Senior United States District Judge

24